■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID SCHNEBLY, Appellant.— Order unanimously reversed and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Petitioner alleges circumstances testified to at his trial surrounding a pretrial identification which he asserts constituted a denial of due process of law, and that the in-court identification on the trial was based upon and tainted by such pretrial identification. As to the retroactivity of the essential fairness doctrine expounded in Stovall v. Denno (388 U. S. 293) and the availability to petitioner of relief through coram nobis, we would apply the test laid down in Roberts v. Russell (392 U. S. 292, 294) wherein the court held the ruling of Bruton v. United States (391 U. S. 123) with regard to the violation of a defendant's Sixth Amendment rights, retroactive since: " The error ' went to the basis of fair hearing and trial because the procedural apparatus never assured.the [defendant] a fair determination' of his guilt or innocence ". (See People v. Pohl, 23 N Y 2d 290; 44 St. John's L. Rev., 76, 77.) The alleged error affecting as it does the fairness of the trial and the integrity of the fact finding process, in accordance with Stovall v. Denno, (supra) and Palmer v. Peyton (359 F. 2d 199) we hold that .the petitioner is entitled to a determination by the trial court of the issues presented in his application for coram nobis relief, and specifically as to whether the pretrial identification procedure followed constituted a denial of due process of law and as to whether such procedures tainted the in-court identification. Such a determination may be made upon the trial record as in People v. Brown (20 N Y 2d 238) and People v. Rivera (22 N Y 2d 453) or, if the record, revealing a prejudicial pretrial identification procedure does not permit " an informed judgment" whether the in-court identification had an independent source, the People should be afforded the opportunity to establish by clear and convincing proof at a hearing conducted by the court, that the in-court identification was based on a source other than the proscribed lineup procedure. (Gilbert v. California, 388 U. S. 263; People v. Ballott, 20 N Y 2d 600.) If such a finding cannot be made, then the court must determine whether the introduction of the in-court identification constituted harmless error. (See Chapman v. California, 386 U. S. 18.) (Appeal from order of Erie County Court denying motion to vacate judgment of conviction for burglary, third degree, rendered January 11, 1966.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.